CRAIG CORPORATION *v.* UNITED STATES

Court No. 72–2–00270

(Decided December 18, 1975)

*Stein and Shostak* (*James F. O'Hara* of counsel) for the plaintiff.
*Rex E. Lee,* Assistant Attorney General (*Andrew P. Vance and John J. Mahon,* trial attorneys), for the defendant.

WATSON, Judge: In this action plaintiff contests the classification as switches [1] of certain imported foot switches used as optional accessories to stop and start tape recorders and claims they are properly classifiable as parts of tape recorders.[2] Plaintiff contends [3] these articles are more than switches in that, in addition to the "microswitch" which is at the core of their operation, they have as components a housing, pedal, springs, an electric cord and plug and a strain device to protect the electric cord. Since these other components are all primarily and directly related to the importation's function as a switch, this argument is entirely without merit.

Plaintiff's argument that the primary function of these articles is to control a tape recorder as opposed to controlling the flow of electricity in an electrical circuit, is a distinction without a difference. In their function vis-à-vis the tape recorder, these switches make or break electrical circuits within the clear meaning of the classified provision.

Finally, I derive no support for the proposition that these foot switches are more than "switches" from the case of *Pacific Instruments Corp.* v. *United States,* 64 Cust. Ct. 520, C.D. 4028 (1970). Although the conclusion was expressed therein that certain foot controls and typewriter controls were "more than" switches, the

---

[1] Item 685.90 of the Tariff Schedules of the United States, as modified by T.D. 68-9, dutiable at the rate of 12% ad valorem.

[2] Item 685.40 of the TSUS, as modified, *supra,* dutiable at the rate of 8% ad valorem.

[3] Plaintiff's claim for classification as electrical articles, etc. under item 688.40 of the TSUS, as modified, *supra,* was abandoned and is, accordingly, dismissed.

162

underlying reasons were less than completely revealed and there is no evidence regarding the similarity of those devices to the articles herein. Furthermore, the *Pacific Instruments* case was decided under the markedly different language of the Tariff Act of 1930.

In light of the above, plaintiff has failed to prove the correctness of its claims which must, consequently, be overruled.

Judgment will be entered accordingly.

[2] Plaintiff's claim for classification as electrical articles, etc. under item 688.40 of the TSUS, as modified, *supra*, was abandoned and is, accordingly, dismissed. Plaintiff's claim as to microphone model No. 2408 in entry 204802 having been abandoned is dismissed as well.